UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SETTLEMENT FACILITY DOW
CORNING TRUST,

                                              **Case No. 11-10562**

      **Plaintiff,**

                                            **Honorable Denise Page Hood**

**v.**

**P. LYNNE D'IORIO, THE D'IORIO GROUP,**
**THE FLORIDA GROUP LLC (also known as**
**P. Lynne D'Iorio & Associates), RANDI HIGBEE,**
**and RBBC, INC.,**

      **Defendants.**

_____/


## ORDER REGARDING VARIOUS MOTIONS FILED BY THE PARTIES


**I.**    **_PRO SE_ STATUS OF CORPORATIONS/ENTITIES**

In her Answer to the Complaint, Defendant Randi Higbee noted that she was appearing *pro se* but also noted that RBBC, Inc. was appearing *pro se.* The remaining Defendants have yet to file an Answer but instead have filed a Motion to Dismiss. In the Motion, which also includes Higbee and RBBC, it is noted Defendants P. Lynne D'Iorio "et al" are proceeding *pro se.* The "et al" appears to be the D'Iorio Group and the Florida Group LLC.

In federal court, only attorneys may represent corporations. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporate president may not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; See also, *Chaltry v. Ollie's Idea, Inc.*, Case No. M-76-26-CA-2, 1980 WL 2078 (W.D. Mich. 1980).

Only the individual Defendants Higbee and D'Iorio may appear *pro se.* The remaining entities, D'Iorio Group, The Florida Group LLC, and RBBC, Inc., cannot proceed *pro se.*

## II.    BACKGROUND

On February 11, 2011, the Settlement Facility-Dow Corning Trust ("SF-DCT"), filed a Declaratory Judgment seeking a declaration that Defendants P. Lynne D'Iorio, The D'Iorio Group, The Florida Group LLC a/k/a P. Lynne D'Iorio & Associations, Randi Higbee, and RBBC, Inc. violated both the Court's Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Order Establishing Lien Procedures") and portions of Section 5.10.1 of the Amended Joint Plan of Reorganization of Dow Corning Corporation ("Plan") pertaining to allowable attorney fees and expenses. (Comp., p. 1)

SF-DCT is Qualified Settlement Fund that serves as a claims resolution facility established in accordance with the Plan. (Comp., ¶ 1) D'Iorio is a former member of the Florida Bar and served as attorney of record for approximately 240 claims that were submitted to the SF-DCT. (Comp., ¶ 14) D'Iorio was suspended twice by the Florida Bar and as part of the order regarding her disciplinary resignation, the Florida Bar imposed strict rules on D'Iorio as to her collection of fees and expenses from her former clients. (*Id.)* Despite the restrictions, D'Iorio continued to submit claims on behalf of claimants to the SF-DCT, representing that she was the attorney of record as to those claimants. (*Id.)* D'Iorio also asserted lien claims against her former clients in the SF-DCT. (*Id.)* D'Iorio withdrew her lien claims with respect to the SF-DCT but has attempted to pursue these same lien claims by threatening to file civil claims in Florida state courts against her former clients. (*Id.)* The D'IOrio Group and the Florida Group have also submitted claims and/or liens with the SF-DCT. (Comp., ¶¶ 15-16) D'Iorio is affiliated with these two entities. (*Id.)*

Higbee is a paralegal who alleges she provided services to the SF-DCT claimants and submitted lien claims in her individual capacity to the SF-DCT. (Comp., ¶ 17)  RBBC is an entity affiliated with Higbee who has asserted lien claims to the SF-DCT. (*Id.*)

In 2007, the SF-DCT began an internal investigation of The Florida Group after receiving information from the Claims Administrator of the MDL 926 Claims Facility. (Comp., ¶ 22)  The SF-DCT retained an expert forensic documents examiner to review the medical records submitted by D'Iorio and The Florida Group who determined that some of the documentation, including medical records purportedly signed by several physicians were probably written by the same person or were fabricated. (Comp., ¶¶ 23-24)  The SF-DCT also contacted the physicians named on the documents who confirmed that the records and their signatures were forged. (Comp., ¶ 25)  The SF-DCT thereafter barred D'Iorio and the related entities from filing or pursuing any claims with the SF-DCT and reported its concerns to the Florida Bar. (Comp., ¶ 26)  Defendants continued to submit claims with the SF-DCT by submitting records through Higbee. (Comp., ¶ 27)

On June 20, 2005, the Court issued an Order Establishing Lien Procedures governing certain procedures for lien holders to assert lien claims against settling claimants. (Comp., ¶ 28)  The Order Establishing Lien Procedures provides for appeals to the Lien Judge and then to the district judge. (Comp., ¶ 28)  The Order Establishing Lien Procedures is the sole method for asserting a lien against settling claimants. (Comp., ¶ 29)  Defendants have not followed the Order Establishing Lien Procedures and have pursued their fees from individual claimants . (Comp., ¶¶ 30-34)

Higbee filed an Answer to the Complaint.  In lieu of an Answer, D'Iorio, along with Higbee, filed a Motion to Dismiss.  The SF-DCT filed a response.  A hearing was held on the matter.

## III.   ANALYSIS

3

A.       **Motion to Dismiss**

The Motion does not indicate which rule Defendants are basing their motion upon although the Motion states, "for failure to state a claim."  Given that no Answer has been filed and no discovery has been held, it is assumed the motion is based on Rule 12(b)(6) of the Rules of Civil Procedure.

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do

4

nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). *Pro se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines and grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). Although the individual defendants are proceeding *pro se*, it is noted that D'Iorio is an attorney, although disbarred. D'Iorio notes in the motion that she is a graduate of the University of Michigan as a Regents Scholar and Notre Dame Law School.

Defendants argue that they have not violated the Order Establishing Lien Procedures or Section 5.10.1 of the Plan. They claim that this is a Florida contract case and that they withdrew legal representation in 2008. Each client signed a Settlement Statement acknowledging the agreement with fees and costs and that the claimant did not object to such fees and costs. Defendants claim that the clients signed a "consulting" contract with Defendants. Defendants object to the jurisdiction of this Court because litigation is currently pending in the 15th District of the State of Florida where Defendants filed breach of contract cases against certain claimants. Defendants argue that the Lien Procedure cannot reach to the Florida Courts' jurisdiction over the breach of contract claims. Defendants deny any allegations of wrongdoing as to the Lien Procedures. Defendants claim that the SF-DCT has received false and misleading information about their representations. Defendants submitted documents to support their motion which are not exhibits to the Complaint.

In response, the SF-DCT argues that the motion should be converted to a Rule 56 motion for summary judgment and allow the SF-DCT to conduct discovery in response to Defendants' arguments and exhibits. The Court will consider the motion under Rule 12(b)(6) motion. A Rule 12(b)(6) motion looks at the Complaint and any exhibits to the Complaint only and cannot generally consider any other documents. Under the standard set forth above by the Supreme Court, the Court finds that the Declaratory Action filed by the SF-DCT states a claim upon which relief may be granted.

Defendants appear to argue that this Court lacks subject matter jurisdiction because they claim that their cases against the claimants in the Florida courts are breach of contract claims. The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C.

6

§ 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy.  *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002).  The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization.  *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996).  The Plan provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA")  *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09.

The Order Establishing Lien Procedures provides that a party may bring denials of lien claims before the Lien Judge.  A "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge."  (Lien Review Procedures, § 7.01)  The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT.  (Lien Review Procedures, § 1.01)  Section 6.05 of the Lien Review Procedures provides that all expenses incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained.  (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004.  (Lien Review Procedures, § 6.05)  The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law.  28 U.S.C. § 157(c)(1).

7

The Complaint alleges that on June 20, 2005, the Court issued an Order Establishing LIEN Procedures governing certain procedures for lien holders to assert lien claims against settling claimants. (Comp., ¶ 28) The Order Establishing Lien Procedures provide appeals to the Lien Judge and then to the district judge. (Comp., ¶ 28) The Order Establishing Lien Procedures are the sole method for asserting a lien against settling claimants. (Comp., ¶ 29) Defendants have not followed the Order Establishing Lien Procedures and have pursued their fees from individual claimants. (Comp., ¶¶ 30-34) The Complaint sufficiently states a claim that the Order Establishing Lien Procedures is the sole method for asserting a lien against settling claimants before the SF-DCT. The SF-DCT may move forward with the Complaint as to their allegations that Defendants' pursuit by other means (including filing suit against claimants in other jurisdictions) to obtain fees from settling claimants before the SF-DCT should be enjoined.

**B.     Request for Emergency Relief**

Plaintiff's Complaint and Defendants' Motion to Dismiss also asserts an "Emergency Request for Immediate Relief on Behalf of SF-DCT Claimants." E.D. Mich. LR 65.1 states that "requests for temporary restraining orders and for preliminary injunctions ***must be made by a separate motion***" and not by order to show cause. This District's rules provide that "[a] complaint must not be combined with a motion for preliminary relief and a response or reply to a motion must not be combined with a counter motion. Papers filed in violation of this rule will be stricken." (ECF Policies and Procedures, R5(e)) The parties did not argue their request for emergency relief at oral arguments. The Court will not consider the emergency request set forth in the Complaint or Defendant's Motion to Dismiss. The Court directs the parties to review Rule 65 of the Rules of Civil Procedures and the Local Rules regarding the form and substance of a motion for injunctive

8

relief.

**C.    Subsequent Motions**

The parties have filed various motions since the hearing on the Motion to Dismiss.  The Court finds oral arguments would not assist the Court in resolving the motions and rules as follows based on the briefs submitted by the parties.

**1.    Motion for Accounting by Defendants**

Defendants filed a Motion for Accounting essentially seeking an order from the Court to make financial information available to the claimants in the public interest.  It is noted that a claim for an accounting is generally alleged as a count in a pleading, not in the form of a motion.  The Court denies the Motion for Accounting since it is not presented in a proper form.  The Court also denies the Motion for Accounting for the reason that the relief requested is not relevant to the claims set forth in Plaintiff's Complaint relating to the Lien Procedures before the SF-DCT.

**2.    Motion for Enlargement of Time by Defendants**

Defendants filed a Motion for Enlargement of Time to respond to discovery requests.  Plaintiff filed a response to the motion indicating the parties have agreed to extend the time to respond to discovery requests.  This motion, having been resolved, is now moot.

**3.    Motion for Clarification filed by Defendants**

Defendants filed a Motion for Clarification.  Plaintiff responds that there is no legal basis for the motion.  E.D. Mich. LR 7.1 governs Motions for Reconsideration or Clarification.  Given that no order has yet been entered by the Court in this lawsuit, there is nothing to clarify.  In any event, the arguments raised in the Motion for Clarification seeks the Court's interpretation of the Lien Procedure Order entered by the Court.  Defendants do not cite any support as to whether they have

9

the authority to seek interpretation of the Order.   The Court denies Defendant's Motion for Clarification.

### 4.        Motion to Stay Litigation by Plaintiff

Plaintiff filed a Motion to Stay Litigation pending a resolution of Defendants' Motion to Dismiss.   Plaintiff also seeks an Order striking or dismissing Defendants' Counterclaim or Countercomplaint.   Plaintiff asserts that if the Court denies Defendants' Motion to Dismiss, Plaintiff will pursue a Motion for Summary Judgment on its claims against Defendants.   Defendants filed a response to the Motion to Stay.   Given this Court's ruling on Defendants' Motion to Dismiss, the Motion to Stay Litigation is now moot.

As to Motion to Strike or Dismiss Defendants' Counterclaim or Countercomplaint, the Court grants the motion because the Counterclaim or Countercomplaint was filed without leave of court. Rule 12 of the Rules of Civil Procedure governs the time for filing a responsive pleading, such as an Answer and/or a Counterclaim.   Fed. R. Civ. P. 12.   Defendants' Counterclaim was filed on December 19, 2011, well beyond the 21 days  from the date of service of the Complaint upon Defendant D'Iorio.   D'Iorio was served with the Complaint on March 20, 2011, with an Answer due April 11, 2011.   The docket does not show an Answer was filed by D'Iorio to date.   Even if an Answer was timely filed, the Counterclaim is filed well beyond the 21 days set forth in the rules and leave to file a Counterclaim must be first sought by Defendants.   The Counterclaim is stricken and dismissed without prejudice.

Rule 13 of the Rules of Civil Procedure governs the form and substance of a Counterclaim. Even though D'Iorio is a lawyer, the Court directs D'Iorio to the rule to familiarize herself with the form and substance of a Counterclaim.   The Court also directs D'Iorio to the E.D. Mich. Local

Rules, available on the Court's website, regarding motion practice and other procedural rules before the Court.

### 5. Renewed Motion to Dismiss and to File a Counterclaim by Defendants

Defendants filed a Renewed Motion to Dismiss and to File a Counterclaim. D'Iorio asserts the same arguments she raised in her original Motion to Dismiss regarding the liens she placed on her clients' claims before the SF-DCT. For the reasons set forth above, the Court denies Defendants' Renewed Motion to Dismiss.

As to the Motion to File a Counterclaim, D'Iorio does not set forth any arguments why a Counterclaim should allowed in this case, given that D'Iorio did not file an Answer to the Complaint. The Court denies D'Iorio's Motion to File a Counterclaim without prejudice.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim and for Emergency Request for Immediate Relief (**Doc. No. 13, filed May 2, 2011**) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Accounting (**Doc. No. 18, filed August 19, 2011**) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Enlargement of Time (**Doc. No. 19, filed September 2, 2011**) is MOOT.

IT IS FURTHER ORDERED that the Motion for Clarification filed by Defendants (**Doc. No. 22, filed November 16, 2011**) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Litigation is MOOT, but the Motion to Strike or Dismiss the Counterclaim is GRANTED. (**Doc. No. 25, filed January 6, 2012**)

11

IT IS FURTHER ORDERED that the Counterclaim **(Doc. No. 24, filed December 19, 2011)** is STRICKEN and DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Renewed Motion to Dismiss and for Leave to File Counterclaim **(Doc. No. 28, filed February 16, 2012)** is DENIED.

IT IS FURTHER ORDERED that the Court will issue a Scheduling Order based on the Joint Rule 26(f) Plan filed by the parties.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager